IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40620
Conference Calendar
_____


JESSE LEE WASHINGTON,

                                        Plaintiff-Appellant,

versus

ROBERT HERRING, Warden;
UNIDENTIFIED MOORE;
UNIDENTIFIED WARD,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-337
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

     Jesse Lee Washington appeals the district court's dismissal as frivolous of his pro se and in forma pauperis (IFP) civil rights complaint.  Washington argued that he was denied access to the courts because the prison guards failed to collect the mail on November 25, 1994, thereby causing his objections to a magistrate judge's report and recommendation in another lawsuit to be rendered untimely.

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

An IFP claim that has no arguable basis in law or fact may be dismissed as frivolous. 28 U.S.C. § 1915(d); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). This court's review is for an abuse of discretion. Booker, 2 F.3d at 115.

To prevail on a denial-of-access-to-the-courts claim, the claimant must show that he was prejudiced by the alleged violation. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir.), cert. denied, 112 S. Ct. 2974 (1992). Washington does not challenge the finding that his objections were considered even though they were filed late. Because he was not prejudiced by the alleged violation, Washington's access-to-the-courts claim fails. See Henthorn, 955 F.2d at 354.

Washington's assertion that the magistrate judge entered into a conspiracy with TDCJ officials because he had lunch and coffee with them is utterly without merit. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994). Washington's contention that he was entitled to attend an evidentiary hearing prior to dismissal of his complaint is also without merit. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). This appeal is frivolous and is, thus, DISMISSED. 5th Cir. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

We have warned Washington that frivolous appeals may result in sanctions. See Washington v. Franks, No. 95-50526 (5th Cir. Aug. 7, 1995). Because Washington has not heeded this warning, we now bar Washington from filing any civil appeal in this court without the prior written approval of a judge of the forum court, or of this court. Washington is cautioned to review all pending

appeals to ensure that they do not raise arguments that are frivolous.